## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDERICK EVANS**, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>v.<br><br>**NATIONAL AUTO DIVISION, L.L.C., ARIEL FREUD,** and DOES 1-25<br><br>                                    Defendant. | Civil Case No.:<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

### INTRODUCTION

1.      Plaintiff Frederick Evans ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendant National Auto Division, L.L.C.'s ("Defendant NAD") practice of making autodialed and prerecorded calls to cellular telephones without prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

2.      Plaintiff has received numerous telephone calls to his cellular telephone from Defendant NAD using an automatic telephone dialing system, including, but not limited to, the following dates: November 15, 2015; November 16, 2015; November 17, 2015; and November 18, 2015.

3.      At all times, Defendant NAD was acting with the full knowledge, authorization, or participation of its President, Defendant Ariel Freud ("Defendant Freud").

4.      Plaintiff did not provide his prior express written consent to receive such calls.

5.      Plaintiff has asked Defendant to stop calling, but it has not done so.

6.      Upon information and belief, Defendant has made and continues to make similar

1

calls to thousands of cellular telephones nationwide.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because they reside in this district.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is also proper because Defendant resides in this district.

## PARTIES

9.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of North Carolina. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10.     Defendant National Auto Division, L.L.C. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of New Jersey with its headquarters in Howell, New Jersey.

11.     Defendant National Auto Division, L.L.C. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12.     Defendant Ariel Freud is, upon information and belief, a resident of New Jersey.

13.     Defendant Ariel Freud is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

14.     Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be

2

made parties to this action.

## FACTUAL ALLEGATIONS

15.     Throughout November and December 2015, Plaintiff received autodialed telephone calls on his cellular telephone, phone number 336-###-8343.

16.     These calls came from Defendant NAD using its telephone numbers 903-200-2795 and 615-610-3958.

17.     These calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     That the calls were made using an automatic telephone dialing system is evidenced by the frequency and persistence of the calls, as well as the fact that on many of the calls, there was a brief and unnatural period of silence after Plaintiff answered the call, which is indicative of a predictive dialer. The FCC and numerous courts have determined predictive dialers to be automatic telephone dialing systems under the TCPA.

19.     These calls appear to be attempts to sell vehicle service contracts/extended warranty on vehicles, making them telemarketing calls.

20.     Plaintiff did not provide Defendants with prior express written consent to place telemarketing calls to his cellular telephone.

21.     Plaintiff repeatedly asked Defendant NAD to stop calling, and it has not done so.

22.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23.     Accordingly, Defendant NAD's calls to Plaintiff violated the TCPA.

Complaint Continues

24.     Upon information and belief, Defendant NAD has made such unsolicited autodialed calls to thousands of individuals' cellular telephones nationwide using several different numbers.

25.     A simple internet search reveals dozens of complaints about Defendant NAD's conduct in making unsolicited telephone calls to cellular telephones.[1]

26.     Because such calls appear core to Defendant NAD's business model, upon information and belief, Defendant Freud, as Defendant NAD's President, had actual knowledge of Defendant NAD's business practices, and had actual knowledge that Defendant NAD was placing calls to the telephone numbers of individuals who had not provided consent.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose cellular telephone Defendant National Auto Division, L.L.C. placed a telephone call using any automatic telephone dialing system or an artificial or prerecorded voice, and for whom Defendant National Auto Division, L.L.C. has no record of their consent to such calls.

> ("Class")

28.     Excluded from this class are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

29.     The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

---

[1] *See, e.g.*, http://800notes.com/Phone.aspx/1-903-200-2795; http://800notes.com/Phone.aspx/1-615-610-3958

Complaint Continues

30.     The exact number and identities of the persons who fit within the class are ascertainable in that Defendant NAD maintains written and electronically stored data showing:

    a.     The time period(s) during which Defendant NAD placed its calls;

    b.     The telephone numbers to which Defendant NAD placed its called;

    c.     The telephone numbers for which Defendant NAD had consent to call, if any.

31.     The Class is comprised of thousands of individuals nationwide.

32.     There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    a.     Whether Defendant NAD used an automatic dialing system in placing its calls;

    b.     Whether Defendant NAD used an artificial or prerecorded voice in its calls;

    c.     Whether Defendant NAD took adequate steps to acquire and/or track express written consent;

    d.     Whether and to what extent Defendant Freud authorized, knew of, or participated in the call scheme;

    e.     Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    f.     Whether Defendants should be enjoined from engaging in such conduct in the future.

33.     Plaintiff is a member of the Class in that he received an unsolicited autodialed telephone call on his cellular telephone from Defendant NAD.

34.     The claims of Plaintiff are typical of the Class members in that they arise from

Complaint Continues

Defendants' uniform and are based on the same legal theories of all Class members.

35.     Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as the telephone calls at issue took up space on putative Class members' devices, tied up Class members' telephone lines, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

36.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

37.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

38.     Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the Class as a whole.

39.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

40.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

41.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
(On Behalf of Plaintiff and the Class)

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendant NAD made telephone calls to the cellular telephone numbers belonging to Plaintiff and the other members of the Class.

6

Complaint Continues

44.     These calls used equipment that had the capacity to store or product telephone numbers to be called, using a random or sequential number generator, and/or without human intervention.

45.     The telephone calls were made without the prior express written consent of Plaintiff and the other members of the putative Class.

46.     Defendant Freud authorized, was aware of, and/or participated in the calls.

47.     Defendant NAD has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).

48.     Defendant Freud is vicariously liable for these violations.

49.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation.

50.     Should the Court determine that Defendants' conduct was willful and/or knowing, Plaintiff and each member of the class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Frederick Evans, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff Frederick Evans as the representative of the Class, and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the

7

wrongful and unlawful acts described herein;

    D.  An award of actual and statutory damages;

    E.  An award of reasonable attorneys' fees and costs; and

    F.  Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** December 17, 2015    */s/ Jeremy M. Glapion*_____
               Jeremy M. Glapion
               **THE GLAPION LAW FIRM, LLC**
               1704 Maxwell Drive
               Wall, New Jersey 07719
               Tel: 732.455.9737
               Fax: 732.709.5150
               jmg@glapionlaw.com

Complaint Continues

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.


Dated: July 22, 2015                    **THE GLAPION LAW FIRM**

                                        s/Jeremy M. Glapion_____
                                        Jeremy M. Glapion, Esq.