UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK EVANS, individually and behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>NATIONAL AUTO DIVISION, L.L.C., ARIEL FREUD, and DOES 1-25,<br><br>             Defendants. | Civil Action No. 15-cv-8714-AET-DEA<br><br><br><br><br>**Motion Day:**<br>**Monday, March 7, 2016** |

**BRIEF OF DEFENDANTS NATIONAL AUTO DIVISION, L.L.C. AND ARIEL FREUD IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO *FED. R. CIV. P.* 12(b)(6)**

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
101 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068-1097
(973) 622-6200

-and-

COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, Missouri 64112
(816) 472-9000

Attorneys for Defendants National Auto
Division, L.L.C. and Ariel Freud

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

PLAINTIFF'S ALLEGATIONS ............................................................................... 2

LEGAL ARGUMENT .............................................................................................. 3

POINT I ..................................................................................................................... 3

PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF
ONLY ALLEGES A BARE RECITATION OF A REQUIRED ELEMENT
OF HIS TCPA CLAIM ............................................................................................. 3

   A. The Use of An ATDS Is A Required Element of Plaintiff's Claim ............... 3

   B. *Iqbal* And *Twombly* Require Plaintiff to Plead Facts To Support His
      Conclusory Allegation That Defendants Used An ATDS .............................. 4

POINT II .................................................................................................................... 8

PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF
DID NOT PLEAD THE TELEPHONE NUMBER AT WHICH HE
RECEIVED THE ALLEGED CALLS ..................................................................... 8

CONCLUSION ........................................................................................................ 10

# **TABLE OF AUTHORITIES**

**PAGE**

## **CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................ *passim*

*Crawford v. Target Corp.*,
  3:14-CV-0090-B, 2014 U.S. Dist. LEXIS 159203
  (N.D. Tex. Nov. 10, 2014) .......................................................................... 9

*Curry v. Synchrony Bank, N.A.*,
  No. 1:15CV322-LG-RHW, 2015 U.S. Dist. LEXIS 153131
  (S.D. Miss. Nov. 12, 2015) ......................................................................... 6

*Johansen v. Vivant, Inc.*,
  No. 12C7159, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551
  (N.D. Ill. Dec. 18, 2012) ............................................................................. 7

*Lofton v. Verizon Wireless (VAW) LLC*,
  No. 13-cv-5665-YGR, 2015 U.S. Dist. LEXIS 34516
  (N.D. Cal. March 18, 2015) ........................................................................ 5

*Loveless v. A1 Solar Power, Inc.*,
  No. EDCV141779FMODTBX, 2015 U.S. Dist. LEXIS 96429,
  2015 WL 4498787 (C.D. Cal. July 23, 2015) .............................................. 7

*Oliver v. DirecTV, LLC*,
  No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964
  (N.D. Ill. April 13, 2015) ............................................................................ 6

*Padilla v. Whetstone Partners*,
  14-21079-CIV-MORENO, LLC, 2014 U.S. Dist. LEXIS 95308
  (S.D. Fla July 14, 2014) ............................................................................. 7

*Smith v. Royal Bah. Cruise Line,*
   No. 14-cv-03462, 2016 U.S. Dist. LEXIS 6204
   (N.D. Ill. Jan. 20, 2016) ............................................................................ 9

*Strand v. Corinthian Colleges, Inc.,*
   No. 1:13-CV-1235, 2014 U.S. Dist. LEXIS 52963
   (W.D. Mich. Apr. 17, 2014) ................................................................. 8, 9

*Thomas v. Dun & Bradstreet Credibility Corp.,*
   100 F. Supp. 3d 937 (C.D. Cal. 2015) ..................................................... 5

*Toney v. Quality Res., Inc.,*
   75 F. Supp. 3d 727 (N.D. Ill. 2014) ........................................................ 7

*Wallack v. Mercantile Adjustments Bureau, Inc.,*
   No. 14-10387, 2014 U.S. Dist. LEXIS 53833
   (E.D. Mich. April 18, 2014) ................................................................... 9

## STATUTES

47 U.S.C. § 227(a)(1) .............................................................................. 1, 2, 3

47 U.S.C. § 227(b)(1)(A)(iii) .......................................................................... 3

## ADMINISTRATIVE AGENCY DECISIONS

68 Fed. Reg. 44144 (July 25, 2003) ............................................................... 3

## RULES

*Fed. R. Civ. P. 8* .............................................................................................. 8

Rule 12(b)(6) ........................................................................................ *passim*

## REGULATIONS

47 C.F.R. § 64.1200(a)(1) ............................................................................... 3

## **PRELIMINARY STATEMENT**

Plaintiff Frederick Evans' ("Plaintiff") Telephone Consumer Protection Act ("TCPA") claim against Defendants National Auto Division, LLC ("Defendant NAD") and Ariel Freud ("Defendant Freud") (collectively "Defendants") requires that Plaintiff plead that Defendants used an "automatic telephone dialing system" ("ATDS") to contact him.

Plaintiff must plead more than his personal belief that Defendant NAD used an ATDS to call him. He must allege factual support for his conclusion. In his Complaint, however, Plaintiff merely alleges:

> These calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

[Doc. 1 (Complaint), ¶17].

This conclusory statement shows that Plaintiff has not properly pleaded the use of an ATDS. Plaintiff's suspicion, without alleging facts that would support it, is not enough to proceed to discovery. Indeed, the Supreme Court requires that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions."). Thus, the Court should dismiss this Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant NAD made telemarketing calls to his cell phone, number 336-###-8343, throughout November and December of 2015, from phone numbers 903-200-2795 and 615-610-3958, without Plaintiff's prior express consent. [Doc. 1 (Complaint), ¶¶19-20]. However, Plaintiff merely recites the language of the TCPA to support this allegation:

> These calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

[*Id.* at ¶17].

Plaintiff then alleges that Defendant NAD made the calls with an ATDS because of the "frequency and persistence of the calls, as well as the fact that on many of the calls, there was a brief and unnatural period of silence after Plaintiff answered the call …." [*Id.* at ¶18].

As explained *infra*, even with that additional language, Plaintiff does not sufficiently plead that Defendant NAD used an ATDS to call Plaintiff.

Therefore, the Court should dismiss this Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF ONLY ALLEGES A BARE RECITATION OF A REQUIRED ELEMENT OF HIS TCPA CLAIM

#### A. The Use Of An ATDS Is A Required Element Of Plaintiff's Claim

Plaintiff's *prima facie* TCPA claim has four elements: 1) the defendant called him; 2) on a number assigned to his cell phone; 3) using an ATDS, or an artificial or prerecorded voice; and 4) without his prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).

While Plaintiff properly alleges elements (1), (2), and (4), his allegations that Defendant NAD used an ATDS, or an artificial or prerecorded voice, are not enough to raise a right of relief above the speculative level.

The term "ATDS" is defined as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). The Federal Communications Commission ("FCC") has ruled that a predictive dialer is an ATDS as that term is defined in the TCPA. 68 Fed. Reg. 44144, 44161 (July 25,

2003). The FCC has also found that the basic function of an ATDS is "the capacity to dial numbers without human intervention." *Id.*

Plaintiff does not contend that the alleged calls used an artificial or prerecorded voice. Therefore, the use of an ATDS is a necessary element of Plaintiff's claim. Plaintiff simply concludes, however, that "[t]hese calls were made using an 'automatic telephone dialing system'" and, therefore, "NAD's calls to Plaintiff violated the TCPA." [Doc. 1 (Complaint), ¶¶17, 23]. Without facts as required by *Iqbal* and *Twombly*, Plaintiff has failed to sufficiently plead this element of his claim. Therefore, his Complaint should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

### B. *Iqbal* And *Twombly* Require Plaintiff To Plead Facts To Support His Conclusory Allegation That Defendants Used An ATDS

Plaintiff insufficiently pleads that Defendant NAD made calls to his cell phone with an ATDS. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff must supply enough independent facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged misconduct. *Id.* at 556.

While the Circuit Courts have not yet determined the specific allegations required to raise a right to relief above the speculative level in a TCPA action, many district courts have held that additional facts are needed to state a claim upon which relief can be granted in a TCPA action.

For example, in *Lofton v. Verizon Wireless (VAW) LLC*, not only did the plaintiff allege he heard a significant pause after answering the phone, but the plaintiff presented evidence that the defendant had testified in other actions that it used predictive dialers to make similar calls as a debt collector, which is often a sign of ATDS use. No. 13-cv-5665-YGR, 2015 U.S. Dist. LEXIS 34516, *6 (N.D. Cal. March 18, 2015). The Court concluded that because the plaintiff alleged numerous facts showing the plausibility that an ATDS was used, the plaintiff's complaint could move forward. *Id.* at *16.

Likewise, in *Thomas v. Dun & Bradstreet Credibility Corp.*, the plaintiff not only alleged that "there was a pause after he answered the phone," but also that the defendant very likely needed a "sophisticated phone system capable of

storing phone numbers and dialing them automatically." 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015). The Court held that all of the plaintiff's factual allegations taken together pushed his claims over the edge of plausibility. *Id.*

While Plaintiffs are not expected to provide specific details about the types of machines used for communication, it is "not unreasonable … to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [ATDS]." *Oliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964, *6 (N.D. Ill. April 13, 2015).

The *Oliver* Court held that even though the plaintiff pleaded 1) the dates and times of several calls; 2) that he heard silence after answering three calls; and 3) that the defendant called from a list of former customers, it did not push the plaintiff's allegations "beyond the 'speculative level' that Defendant actually used an ATDS." *Id.* at *8. The Court noted the facts pleaded were merely "consistent with defendant having used an ATDS, to wit, were *possibly* made with an ATDS." *Id.*

Other district courts agree. *See Curry v. Synchrony Bank, N.A.*, No. 1:15CV322-LG-RHW, 2015 U.S. Dist. LEXIS 153131, *5 (S.D. Miss. Nov. 12, 2015) (dismissing the plaintiff's complaint where the plaintiff "alleged that she received [190] automated collection calls from [the defendant] on a near-daily

basis over an approximate five-month period," without alleging "the content of [the] calls, whether she spoke to a human ... whether there was a *significant period of dead air* ... or any other facts which may tend to make the use of an ATDS more likely") (emphasis added); *Johansen v. Vivant, Inc.*, No. 12C7159, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (holding that the plaintiff must distinguish "the particular case that is before the court from every other hypothetically possible case" to avoid "potential abuse of the discovery process to pressure defendants into settling weak cases."); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 732-733 (N.D. Ill. 2014) (denying defendant's motion to dismiss, but only because the plaintiff's complaint had 16 pages of allegations, including allegations that the plaintiff had a prior business relationship with the seller (not the caller), *and* that she heard a "distinctive click" and pause after answering the calls) (emphasis added). *But see Loveless v. A1 Solar Power, Inc.*, No. EDCV141779FMODTBX, 2015 U.S. Dist. LEXIS 96429, 2015 WL 4498787, *3 (C.D. Cal. July 23, 2015*)*; *Padilla v. Whetstone Partners*, 14-21079-CIV-MORENO, LLC, 2014 U.S. Dist. LEXIS 95308, *6 (S.D. Fla July 14, 2014).

  Plaintiff fails to sufficiently plead enough to support his claim that Defendant NAD violated the TCPA. Plaintiff merely alleges that the "calls were made using an [ATDS, as] is evidenced by the frequency and persistence of the calls" and "a brief and unnatural period of silence." [Doc. 1 (Complaint), ¶18]. At

best, these allegations "are merely consistent with" the use of an ATDS and, without more, do not plausibly show this indispensable element of a TCPA claim entitling Plaintiff to relief. *Iqbal*, 556 U.S. at 678.

Plaintiff is obliged to provide the grounds of his entitlement to relief, which requires more than labels and conclusions. His formulaic recitation of the elements of a TCPA cause of action will not do. Accordingly, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## POINT II

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF DID NOT PLEAD THE TELEPHONE NUMBER AT WHICH HE RECEIVED THE ALLEGED CALLS

Plaintiff's Complaint should also be dismissed because Plaintiff did not plead the telephone number at which he allegedly received calls from Defendant NAD in violation of the TCPA.

While the Circuit Courts have not ruled on the issue, some district courts have found that proper application of *Fed. R. Civ. P.* 8, as applied in light of *Iqbal* and *Twombly*, requires that the plaintiff's telephone number be pleaded in TCPA cases.

For example, in *Strand v. Corinthian Colleges, Inc.*, the plaintiff alleged that the defendant violated the TCPA by calling her cell phone using an

-8-

ATDS without her prior consent. No. 1:13-CV-1235, 2014 U.S. Dist. LEXIS 52963, *7 (W.D. Mich. Apr. 17, 2014). The defendant filed a motion to dismiss, arguing that the plaintiff's failure to plead the cell phone number that received the calls violates the *Iqbal* and *Twombly* standard requiring that the complaint allow defendant to reasonably determine if a violation occurred. *Id.* at *6.

The *Strand* Court held that "bare assertions in the complaint that the calls were placed to Plaintiff's 'cellular telephone' … are merely consistent with Defendant's liability, but do not serve to put Defendant on notice of the grounds on which Plaintiff's claim lies." *Id.* at *9. The Court further held that as the "plain language of the [TCPA] refers to calls placed to a 'telephone *number*,'" a plaintiff must plead "a specific telephone number" to plausibly allege a TCPA violation. *Id.*; *see also Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 U.S. Dist. LEXIS 53833, *9 (E.D. Mich. April 18, 2014). *But see Smith v. Royal Bah. Cruise Line*, No. 14-cv-03462, 2016 U.S. Dist. LEXIS 6204, *6 (N.D. Ill. Jan. 20, 2016); *Crawford v. Target Corp.*, 3:14-CV-0090-B, 2014 U.S. Dist. LEXIS 159203, *12 (N.D. Tex. Nov. 10, 2014).

Plaintiff only alleges that Defendant NAD made telemarketing calls to 336-###-8343 without his prior express consent. [Doc. 1 (Complaint), ¶¶19-20]. This assertion is merely consistent with Defendants' liability and "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556

U.S. at 678 (citing *Twombly*, 550 U.S. at 557). As the plausibility standard requires Plaintiff to plead more than a sheer possibility, Plaintiff must plead the specific telephone number to which he allegedly received calls from Defendant NAD in violation of the TCPA. As Plaintiff did not plead the specific telephone number, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
Jeffrey M. Garrod, Esq.
Craig A. Ollenschleger, Esq.

By: */s/ Jeffrey M. Garrod*
JEFFREY M. GARROD

-and-

COPILEVITZ & CANTER, LLC
William R. Raney, Esq. (*Pro hac vice* pending)
Kellie J. Mitchell, Esq. (*Pro hac vice* pending)

Attorneys for Defendants
National Auto Division, L.L.C. and Ariel Freud

Dated: February 11, 2016