UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDERICK EVANS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**NATIONAL AUTO DIVISION, L.L.C., ARIEL FREUD,** and DOES 1-25<br><br>Defendant. | Civil Case No.: 15-8714 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

BACKGROUND .........................................................................................2

LEGAL STANDARD ..................................................................................3

DISCUSSION ..............................................................................................4

    I.    Plaintiff has Adequately Pled his Cell Phone Number........................4

    II.   Plaintiff has Adequately Pled Defendants' Use of an ATDS. ..............7

CONCLUSION.......................................................................................... 13

Table of Authorities

### Cases

*Boldman v. Wal-Mart Stores*
   Case No.16-0004, 2016 U.S. Dist. LEXIS 17110 (D.N.J. Feb. 11, 2016)..3

*Curry v. Synchrony Bank, N.A.*
   Case No. 15-cv-322, 2015 U.S. Dist. LEXIS 153131 (S.D. Miss. Nov. 12, 2015).................................................................................................12

*Fowler v. UPMC Shadyside*
   578 F.3d 203 (3d Cir. 2009) ...............................................................3

*Harnish v. Frankly Co.*
   Case No. 14-cv-02321, 2015 U.S. Dist. LEXIS 29982 (N.D. Cal. Mar. 11, 2015).................................................................................................10

*Johansen v. Vivant, Inc.*
   Case No. 12-CV-7159, 2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012).................................................................................................12

*Leyse v. Bank of Am. Nat'l Ass'n*
   804 F.3d 316 (3d Cir. 2015) ...............................................................4

*Lofton v. Verizon Wireless (VAW)*
   Case No. 13-cv-5665, 2015 U.S. Dist. LEXIS 34516 (N.D. Cal. Mar. 18, 2015).................................................................................................12

*Loveless v. A1 Solar Power, Inc.*
   Case No. 14-CV-1779, 2015 U.S. Dist. LEXIS 96429 (C.D. Cal. July 23, 2015).................................................................................................10

*Malleus v. George*
   641 F.3d 560 (3d Cir. 2011) ...............................................................3

*Margulis v. Generation Life Ins. Co.*
   91 F. Supp. 3d 1165 (E.D. Mo. 2015) (rejecting *Strand*)...........................7

*Martin v. Direct Wines, Inc.*
  Case No. 15-c-757, 2015 U.S. Dist LEXIS 89015 (N.D. Ill. July 9, 2015)
  ........................................................................................................... 10

*Murphy v. DCI Biologicals Orlando, LLC*,
  Case No. 6:12-cv-1459, 2013 U.S. Dist. LEXIS 181732 (M.D. Fla. Dec.
  31, 2013) ................................................................................................ 4

*Oliver v. DirecTV, LLC*
  Case No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964 (N.D. Ill. Apr. 13,
  2015) ................................................................................................ 10, 11

*Ott v. Mortg. Inv'rs Corp. of Ohio*
  65 F. Supp. 3d 1046 (D. Or. 2014) ....................................................... 7

*Robbins v. Coca-Cola-Company*
  Case No. 13-cv-132, 2013 U.S. Dist. LEXIS 72725 (S.D. Cal. May 22,
  2013) ..................................................................................................... 4

*Smith v. Royal Bah. Cruise Line*
  Case No. 14-cv-03462, 2016 U.S. Dist. LEXIS (N.D. Ill. Jan. 20, 2016) ... 7

*Stewart v. T-Mobile USA, Inc.*
  Case No. 14-cv-02086, 2015 U.S. Dist. LEXIS 114276 (D.S.C. Aug., 28,
  2015) ..................................................................................................... 6

*Strand v. Corinthan Colleges, Inc.*
  Case No. 13-cv-1235, 2014 U.S. Dist. LEXIS 52963 (W.D. Mich. April
  17, 2014) ........................................................................................... 7, 8

*Thomas v. Dun & Bradstreet Credibility Corp.*
  100 F. Supp. 3d 937 (C.D. Cal. Aug. 5, 2015) ...................................... 12

*Toney v. Quality Res., Inc.*
  75 F. Supp. 3d 727 (N.D. Ill. 2014) ...................................................... 12

**Statutes**

47 U.S.C. § 227(b) ............................................................................... 3, 7

**Regulations**

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*
   23 F.C.C. Rcd. 559 (2008) ......................................................................... 8

## INTRODUCTION

In a prime example of elevating form over substance, Defendants, National Auto Division, LLC and Ariel Freud ("Defendants"), two players in the Nuisance Call Industry,[1] moved to dismiss Plaintiff Frederick Evans ("Evans") putative class action complaint because Mr. Evans omitted the middle three digits of his telephone number. Defendants neglect to inform the court that on December 28, 2015, Mr. Evans' counsel provided the full telephone number to Defendants' counsel via email. In addition, the overwhelming majority (in fact, all but one) of the courts to decide this silly issue have found that it is not necessary for plaintiff to plead the full phone number called.

Defendants also take issue with Mr. Evans' allegations with respect to Defendants' usage of an automatic telephone dialing system. Once again, however, the vast majority of courts to rule on this issue have found allegations similar or identical to Mr. Evans' allegations to be sufficient. Even Defendants'

---

[1] Primarily, but not exclusively, consisting of telemarketers, debt collectors, and collecting creditors. For a list of some "members" of the Nuisance Call Industry, see the website of the Nuisance Call Industry's preferred trade group, ACA International.
http://www.acainternational.org/memberdirectory.aspx

chosen case law supports Mr. Evans' position far more than it does Defendants' position. Perhaps in recognition of that fact, Defendants completely misrepresent to this Court the holding of one of these cases, claiming that it says the opposite of what it actually says.

## BACKGROUND

On December 17, 2015, Mr. Evans filed a putative class action complaint alleging that Defendants placed numerous telephone calls to his cellular telephone in November and December 2015. (Complaint, ¶¶ 2, 15-16.) Mr. Evans further alleged that the calls all used an automatic telephone dialing system based on of the frequency and persistence of the calls (which continued after he asked Defendants to stop), and a brief and unnatural period of silence after Mr. Evans answered some of these calls. *Id.* at ¶¶ 17-18. These calls all appeared to be in an attempt to sell vehicle service contracts, which would make them telemarketing. *Id.* at ¶ 19. Mr. Evans never provided his prior express written consent to receive these telemarketing calls and, in fact, asked Defendants to stop calling, to no avail. *Id.* at ¶¶ 19-20.

In light of the systematic and persistent nature of these calls, and the volume of similar complaints on the internet, Mr. Evans seeks to represent a class of similarly situated persons who received these unsolicited telemarketing

2

calls to their cellular telephones. *Id.* at ¶ 27.

Defendants filed its Motion to Dismiss on February 11, 2016, one day prior to its answer deadline.

## LEGAL STANDARD

A motion made under Rule 12(b)(6) tests the sufficiency of a complaint. *Boldman v. Wal-Mart Stores*, Case No. 16-0004, 2016 U.S. Dist. LEXIS 17110, *4 (D.N.J. Feb. 11, 2016) (Thompson, J.) When ruling on such a motion, a district court should undertake a three-part analysis. *Id.* "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Second, the court must accept plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court may disregard any conclusory legal allegations. *Boldman*, 2016 U.S. Dist. LEXIS at *4 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). Finally, the well-pled facts must be sufficient to elevate plaintiff's claim to plausible, rather than merely "possible." *Id.* (citing *Fowler*, 579 F.3d at 210, 211).

For reference, to prevail on a TCPA claim under 47 U.S.C. § 227(b), a plaintiff must show that the TCPA defendant (1) made calls (2) to his or her cellular telephone (3) using an automatic telephone dialing system ("ATDS")

or using an artificial or prerecorded voice. *See, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, Case No. 6:12-cv-1459, 2013 U.S. Dist. LEXIS 181732, *15 (M.D. Fla. Dec. 31, 2013); *Robbins v. Coca-Cola-Company*, Case No. 13-cv-132, 2013 U.S. Dist. LEXIS 72725, *5 (S.D. Cal. May 22, 2013). Consent is a defense to liability, rather than part of a Plaintiff's affirmative case. *See, e.g.*, *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 (3d Cir. 2015) ("[P]rior consent to receiving robocalls provides a defense to liability.").

## DISCUSSION

I. **Plaintiff has Adequately Pled his Cell Phone Number.**

Defendants argue that Mr. Evans' method of pleading his phone number – blocking out the middle three digits with hashtags – somehow subjects his complaint to dismissal.[2] This argument finds no support in the law or the circumstances.

Defendants couch this point in terms of the plausibility standard, stating

---

[2] Given the instant lawsuit, Mr. Evans is clearly concerned with his privacy and making sure he does not receive further unwanted calls. If Mr. Evans and other TCPA-plaintiffs were forced to plead their full phone numbers, it would take all of one day for a misguided entrepreneur to come up with a way to comb TCPA complaints for "real, live, verified telephone numbers!", and then sell those numbers to unwitting third-parties, or third-parties who pay no mind to the TCPA (such as "Rachel from Cardholder Services").

that Mr. Evans' failure to plead his telephone number somehow renders his claims less plausible than if he had pled his number in full. Even if one squints, it is difficult to see how this is the case. Whether or not Mr. Evans pled his full phone number has no bearing on the plausibility of any of the aforementioned TCPA elements. To the extent it has any bearing on the second element (that Defendants called a cellular telephone), Mr. Evans explicitly pled that the telephone number was a cellular telephone. The remaining details – the full and precise number, the carrier, etc. – can be produced in discovery.

In addition, on December 28, 2015, Defendants' counsel sent an email to Mr. Evans' counsel asking Plaintiff's counsel to "provide me with your client's telephone number so I can research calls to that number." Within twenty minutes, Mr. Evans' counsel wrote back and provided the telephone number. This email was acknowledged by Defendants' counsel. Defendants entirely omit this fact from their brief. Defendants' suggestion that they not given enough information about the phone number to investigate Mr. Evans' claims is not true.

Of course, an email alone could not save an otherwise deficient complaint. As set forth above, however, Mr. Evans' complaint is not deficient. Mr. Evans pled his telephone number in the following form: 336-###-8343.

5

This provides Defendants more than enough information to identify the number called, without putting Mr. Evans at risk of further invasions of his privacy, and without requiring cumbersome manual filings under seal. While Defendants have likely called thousands of telephone numbers without the consent of the owners of those numbers, the odds seem remarkably small of Defendants having called more than one number which has "336" as its first three digits and "8343" as its last four.

The overwhelming majority of courts to address this question have found that it is not necessary for a TCPA plaintiff to plead his telephone number at all. *See, e.g. Stewart v. T-Mobile USA, Inc.*, Case No. 14-cv-02086, 2015 U.S. Dist. LEXIS 114276 (D.S.C. Aug., 28, 2015) ("[T]he majority of courts confronted with this question have not required such detailed pleadings."). In fact, rather than being "some district courts" that have required a TCPA-plaintiff to plead his telephone number, it is actually only *one* district court. Ever. *See Strand v. Corinthan Colleges, Inc.*, Case No. 13-cv-1235, 2014 U.S. Dist. LEXIS 52963 (W.D. Mich. April 17, 2014).

Therein lies the problem with Defendants' reliance on *Strand*. Since it was decided, it has been left alone on a desert island – stranded, if you will – as it has never been followed by any federal court anywhere. In fact, it has

6

been outright rejected by every federal court to mention it. *See, e.g., Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) ("*Strand* is contrary to most other district courts … that do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant.") (collecting cases); *Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, 1167 (E.D. Mo. 2015) (rejecting *Strand*); *Smith v. Royal Bah. Cruise Line*, Case No. 14-cv-03462, 2016 U.S. Dist. LEXIS (N.D. Ill. Jan. 20, 2016) (rejecting *Strand*).

While there is nothing wrong with arguing against the grain, Defendants provide no basis for this court to *rule* against the grain. Defendants do not support their position on any policy grounds, or through sound legal reasoning, or by pointing to changes in the legal landscape, or anything else that would support bucking the overwhelming body of case law on this topic. Defendants instead parrot plausibility versus probability, and point to *Strand*. Accordingly, as Defendants' argument here hangs on by nothing more than (a) *Strand*, it should be rejected.

## II. Plaintiff has Adequately Pled Defendants' Use of an ATDS.

Key to the section 227(b) of the TCPA is its requirement that the calls be made using an ATDS or prerecorded voice in order to be actionable. The

7

FCC and court opinions and orders on this topic are voluminous, but for the purposes of this case, what matters is that, in 2008, the FCC ruled that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (2008). Generally speaking, a predictive dialer automatically dials telephone numbers *en masse*, and "listens" for a live person to pick up. When the system detects a live person, it attempts to transfer that call to one of the caller's available agents. This often leads to hang up calls when no agent is available. Most relevantly, predictive dialers often lead to unnatural pauses or delays when the called party answering the call, which reflects the time between a caller answering and the system transferring to an agent.[3]

    Mr. Evans alleges these telltale pauses in his complaint. (Complaint, ¶ 18). These pauses, as discussed, are highly suggestive that the calls were made using a predictive dialer. In addition, Mr. Evans alleges the frequency and persistence of the calls, which continued even after Mr. Evans asked

---

[3] By way of example, it is likely that many of those calls Your Honor presumably has received (as have we all) that require a "Hello? Hello?" before a response were made using a predictive dialer or another similar ATDS.

8

Defendants to stop calling. *Id.* at ¶¶ 18, 21. The reason these calls continued is likely related to the automated way Defendants chose to dial phone numbers, while inadequately (or not at all) training its agents on how to prevent future calls to numbers that ask not to be called again.

  Mr. Evans does not intend to suggest that the frequency, persistence, and "silence" are *conclusive* on Defendants' usage of an ATDS, but the allegations at this stage do not need to be conclusive. The allegations merely need to make Mr. Evans' allegations plausible. The allegations here more than meet that standard. To ask for much more risks gutting the TCPA in light of "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery." *Harnish v. Frankly Co.*, Case No. 14-cv-02321, 2015 U.S. Dist. LEXIS 29982 (N.D. Cal. Mar. 11, 2015). Most courts to decide the sufficiency of similar allegations have recognized this difficulty and have denied TCPA defendants' motions to dismiss on these grounds. *See, e.g. Martin v. Direct Wines, Inc.*, Case No. 15-c-757, 2015 U.S. Dist LEXIS 89015, *5 (N.D. Ill. July 9, 2015) ("To raise a right to relief above the speculative level on a TCPA claim, a plaintiff can include facts such as … having heard a distinctive 'click and pause' after having answered the call."); *Loveless v. A1 Solar Power, Inc.*, Case No. 14-CV-1779, 2015 U.S. Dist. LEXIS 96429, *7-8

9

(C.D. Cal. July 23, 2015).

Ironically, all of the cases Defendants cite support denial of their motion. For example, central to Defendants' argument is the case of *Oliver v. DirecTV, LLC*, Case No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964 (N.D. Ill. Apr. 13, 2015). According to Defendants, "[t]he *Oliver* Court held that even though plaintiff pleaded 1) the dates and time of several calls; 2) that he heard silence after answering three calls; and 3) that the defendant called from a list of former customers, it did not push the plaintiff's allegations 'beyond the speculative level that Defendant actually used an ATDS.'"

But here is what the *Oliver* court *actually* said: "[Plaintiff's] allegations regarding the 'momentary pause,' along with his other allegations regarding Defendant's phone calls, are sufficient to draw a reasonable inference that Defendant used an ATDS in making its calls to [Plaintiff]." *Id.* at *11-12. The "other allegations" were the volume of calls, that he did not consent, and that he requested on multiple occasions that defendant stop calling. This is the literal opposite of Defendants' characterization of this case.[4] Here, as in

---

[4] In fairness to Defendants, the *Oliver* case involved multiple plaintiffs. One plaintiff alleged nothing about momentary pauses, and based his allegations regarding an ATDS entirely on the fact he was called without his consent and

10

*Oliver*, Mr. Evans has alleged that he received calls over a two-month period, without his consent, which continued after he asked Defendants to stop calling, and that there were brief and unnatural pauses when he answered these calls.

In another case Defendants cite, *Lofton v. Verizon Wireless (VAW)*, the court wrote that "[the] general allegations [of ATDS usage] are sufficient bolstered by specific descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used." Case No. 13-cv-5665, 2015 U.S. Dist. LEXIS 34516, *16-17 (N.D. Cal. Mar. 18, 2015).

Similarly, in *Curry v. Synchrony Bank, N.A.*, the court explicitly indicated that alleging circumstances regarding a "significant period of dead air"[5] may be sufficient to survive a motion to dismiss. Case No. 15-cv-322, 2015 U.S. Dist. LEXIS 153131, *5 (S.D. Miss. Nov. 12, 2015). This is also

---

his research into the purpose of the calls. It was this plaintiff whose TCPA claim the court dismissed.

[5] Defendants quoted this portion of *Curry*, but italicized the word "significant." That Mr. Evans used "brief and unnatural" rather than "significant" is hardly a reason to dismiss his complaint.

11

the case in *Toney v. Quality Res., Inc.*, where the court denied defendant's motion to dismiss and specifically noted plaintiff's allegations regarding a "distinctive click and pause prior to the caller's coming on the line[.]" 75 F. Supp. 3d 727, 732 (N.D. Ill. 2014). In *Thomas v. Dun & Bradstreet Credibility Corp.*, the court again explicitly points to the plaintiff's allegations of a "pause" after plaintiff answered the phone. 100 F. Supp. 3d 937, 945 (C.D. Cal. Aug. 5, 2015).[6]

In sum, Defendants do not cite any case granting a motion to dismiss in the face of the type of allegations made here – nor could they. Defendants know this. Instead, Defendants' Motion is just another volley in the Nuisance Call Industry's war on the TCPA – this time, by attempting to impose an impossibly-high pleading standard on Mr. Evans (and, by extension, TCPA plaintiffs generally). The Nuisance Call Industry hates that there are laws protecting consumers from being bombarded by unwanted calls, and see

---

[6] The remaining case Defendants cite does not mention pleading a "pause" before being connected to the caller. *Johansen v. Vivant, Inc.*, Case No. 12-CV-7159, 2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012). It does, however, write that "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS …. It is not, unreasonable, however, to … provide the circumstances surrounding [the calls] to establish his belief that the [calls] were … delivered via the ATDS." *Id.* at *10-11.

12

lawsuits not as an opportunity to take responsibility and fix or change their calling practices, but to instead attack the law, in hopes of poking enough holes in the TCPA that they will eventually be allowed to make their calls unfettered. Mr. Evans respectfully requests that this court not grant Defendants their wish, and instead, deny their motion in its entirety.

## CONCLUSION

In light of the foregoing, Plaintiff, by and through his counsel, respectfully requests that the Court deny Defendants' Motion in its entirety.

Dated: February 21, 2016

/s/ Jeremy M. Glapion
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com