NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FREDERICK EVANS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NATIONAL AUTO DIVISION, L.L.C., ARIEL FREUD, and DOES 1-25,

    Defendants.

Civ. No. 15-8714

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court on the Motion of Defendants National Auto Division, L.L.C. and Ariel Freud ("Defendants") to Dismiss the Complaint of Plaintiff Frederick Evans ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Plaintiff opposes. (ECF No. 9). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendants' Motion will be denied.

BACKGROUND

    This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits the use of an automatic telephone dialing system or a prerecorded voice to place calls to a cellular phone number without the called party's prior, express consent. 47 U.S.C. § 227. Plaintiff's allegations are as follows: Plaintiff has received numerous telephone calls to his cellular telephone from Defendants using an automatic

telephone dialing system, including but not limited to the following dates: November 15, 2015; November 16, 2015; November 17, 2015; and November 18, 2015.  Plaintiff knew that the calls were made using an automatic telephone dialing system based on the calls' frequency and the persistence of the calls, as well as the fact that on many of the calls, there was a brief and unnatural period of silence after Plaintiff answered the call.  The calls appeared to be attempts to sell vehicle service contracts or extended warranties on vehicles.  Plaintiff did not provide his prior express consent to Defendants for the calls, and even after he asked Defendants to stop calling him, the calls continued.  Consequently, Plaintiff alleges that Defendants' behavior violates the TCPA.

Plaintiff asserts that Defendants have made and continue to make similar calls to thousands of cellular telephones nationwide.  Therefore, Plaintiff filed a class action lawsuit in this Court on December 17, 2015 on behalf of all persons within the United States who received similar calls from Defendant without having provided their prior, express consent.  (ECF No. 1). Defendants filed their Motion to Dismiss on February 11, 2016.  (ECF No. 7).  This Motion is presently before the Court.

## DISCUSSION

A.  Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*,

56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016).  However, the court may disregard any conclusory legal allegations.  *Fowler*, 578 F.3d at 203.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

   B. Analysis

The TCPA prohibits the use of an automatic telephone dialing system or a prerecorded voice to place calls to a cellular phone number without the called party's prior, express consent.  47 U.S.C. § 227.  Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the TCPA.  First, Defendants argue that Plaintiff's Complaint only alleges a bare recitation of the element of the use of an automatic telephone dialing system ("ATDS").  Second, Defendants argue that Plaintiff's Complaint does not state a claim because Plaintiff does not plead the telephone number at which he received the alleged calls.  The Court will address each argument in turn.

As to Defendants' first argument, the Court finds that Plaintiff sufficiently pled that the calls were made using an ATDS.  Plaintiff states that the calls were made using an ATDS based on "the frequency and persistence of the calls, as well as the fact that on many of the calls, there was a brief and unnatural period of silence after Plaintiff answered the call." (Compl. ¶ 18, ECF No. 1).  Plaintiff also describes the content of the calls, noting that they appeared to be attempts to sell vehicle service contracts or extended warranties on vehicles.  (*Id.* ¶ 19).  Including this level of detail distinguishes the present case from TCPA cases in which a motion to dismiss was

granted because the Complaint "says nothing about the calls [Plaintiff] received." *See Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014); *see also Johansen v. Vivant, Inc.*, No. 12-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (granting motion to dismiss where the plaintiff provided no other information about the messages he received other than stating that the defendant left prerecorded messages on his cellular phone using an ATDS); *cf. Connelly v. Hilton Grant Vacations Co., LLC*, No. 12-0599, 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012) (holding that plaintiffs' allegation that there was "a delay prior to a live person speaking to Plaintiffs or [no] transfer to a live person" gives rise to a reasonable inference that defendant used an ATDS, even though recitation of the statutory language alone might not have done so).

Unlike these cases, Plaintiff's allegations supply details beyond bare legal conclusions or the recitation of statutory language, such as the frequency of the calls, their content, and the period of silence heard during the call. *See Connelly*, 809 F.3d at 789. While Plaintiff could have included more detail, Defendants' use of an ATDS was sufficiently pled for purposes of the Motion to Dismiss. Therefore, the Court will not dismiss the Complaint on this basis.

As to Defendant's second argument, the Court finds that Plaintiff's claims were adequately pled without a specific telephone number. Whether a Plaintiff is required to plead a specific telephone number to survive a motion to dismiss a TCPA claim appears to be an issue of first impression in this Court. However, most district courts have held that a plaintiff need not provide this detail at the pleading stage in order to provide adequate notice to a TCPA defendant. *See, e.g.*, *Ott v. Mortg. Inv'rs Corp. of Ohio,* 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) (citing *Crawford v. Target Corp.*, No. 14-0090, 2014 WL 5847490, at *3-4 (N.D. Tex. Nov. 10, 2014); *Baker v. Caribbean Cruise Line, Inc.*, No. 13-8246, 2014 WL 880634, at *3 (D. Ariz. Mar. 6,

4

2014); *Manfred v. Bennett Law, PLLC*, No. 12-61548, 2012 WL 6102071, at *2 n.2 (S.D. Fla. Dec. 7, 2012); *Robinson v. Midland Funding, LLC*, No. 10-2261, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011); *Reyes v. Saxon Mortg. Servs., Inc.*, No. 09-1366, 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009)); *see also Leon v. Target Corp.*, No. 15-0001, 2015 WL 1275918, at *3 (M.D. Pa. Mar. 19, 2015) ("[A] plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged, and the absence of a plaintiff's telephone number from the pleadings does not detract from the TCPA claim's plausibility and does not prevent a court from drawing the reasonable inference that the defendant is liable for the misconduct alleged") (internal citation omitted). This Court declines to adopt the minority view advocated by Defendants, requiring that a plaintiff plead a specific telephone number in order to state a claim. Therefore, the Court will not dismiss the Complaint on this basis.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss the Complaint will be denied. A corresponding Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** March 7, 2016