NOT FOR PUBLICATION

R E C E I V E D

SEP 13 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FREDERICK EVANS, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

NATIONAL AUTO DIVISION, L.L.C.,
ARIEL FREUD, and DOES 1-25,

Defendants.

Civ. No. 15-8714

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff Frederick Evans' ("Plaintiff") motion

for partial summary judgment. (ECF No. 28). Defendants National Auto Division, L.L.C. and

Ariel Freud ("Defendants") oppose and file a cross-motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(1). (ECF No. 31). The Court has issued the opinion below based upon the

written submissions of the parties and without oral argument pursuant to Federal Rule of Civil

Procedure 78(b). For the reasons stated herein, Defendants' motion to dismiss will be denied,

and Plaintiff's motion for partial summary judgment will also be denied.

### BACKGROUND

This case involves alleged violations of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227. The TCPA prohibits the use of an automatic telephone dialing

system or a prerecorded voice to place calls to a cellular phone number without the called party's

prior, express consent. 47 U.S.C. § 227. Plaintiff's allegations are as follows: on September 20,

2015, Plaintiff provided his cellular telephone number to the website Direct Auto Warranty,

http://directautowarranty.co. (Pl.'s Statement of Undisputed Material Facts ¶ 1, ECF No. 29). At that time, the website contained the following disclosure when a user signed up:

> We take your privacy seriously. By clicking the button, you agree to the Privacy Policy, to be matched with up to 5 partners from our network, and consent (not required as a condition to purchase a good/service) for us and/or them to contact you via telephone, mobile device (including SMS and MMS), and/or email, even if you are on a corporate, state, or national Do Not Call Registry.

(*Id.* ¶ 3). As a result of Plaintiff signing up for free quotes, Defendants placed telephone calls to Plaintiff's cellular telephone number. (*Id.* ¶ 4). At least some of the calls placed to Plaintiff's cellular telephone were placed in order to encourage the purchase of vehicle service contracts. (*Id.* ¶ 5). Plaintiff alleges that Defendants' calls violated the TCPA because Defendants utilized an automatic telephone dialing system to make these calls, but Plaintiff did not expressly consent to this in writing, as required by the TCPA.

Plaintiff filed a class action lawsuit in this Court on December 17, 2015 on behalf of all persons within the United States who received similar calls from Defendants without having provided their prior, express consent. (Compl., ECF No. 1). Defendants filed a motion to dismiss on February 11, 2016, (ECF No. 7), which was denied by the Court on March 8, 2016, (ECF No. 14). Then, on July 21, 2016, Plaintiff filed a motion for partial summary judgment on the issue of whether Defendants received Plaintiff's prior express written consent. (ECF No. 28). On August 4, 2016, Defendants opposed the motion and also filed a cross-motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 31). These motions are presently before the Court.

2

DISCUSSION

A. Legal Standards

1. *Motion to Dismiss*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. The motion may either attack the complaint facially or factually. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.,* 559 F. Supp. 2d 484, 491 (D.N.J. 2008). "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint." *Id.*

Under a Rule 12(b)(1) challenge, the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991). However, on a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen,* 549 F.2d at 891.

2. *Motion for Summary Judgment*

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all

3

reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is heavy at this point: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted).

B. Analysis

*1. Motion to Dismiss*

Defendants do not state whether they are attacking the Court's subject matter jurisdiction facially or factually. However, the Court will construe Defendants' motion to dismiss as a facial attack given that Defendants argue that the complaint on its face does not allege sufficient grounds to establish subject matter jurisdiction.[1] Defendants argue that Plaintiff lacks standing because he does not allege an injury in fact, and his interests are not within the zone of interests protected by the TCPA.

---

[1] Plaintiff construes Defendants' motion as a factual attack, but this difference does not affect the outcome of this motion.

4

Standing is a threshold jurisdictional requirement, based on the "case or controversy" language of Article III of the Constitution. *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). To establish standing, Plaintiff must demonstrate that (1) he suffered an injury in fact, namely, an invasion of a legally protected interest that is concrete and particularized; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Defendants argue that Plaintiff has not pled an injury in fact because Plaintiff's complaint asserts "bare procedural violations of the TCPA." (Defs.' Br. 7, ECF No. 31). However, Plaintiff asserts the following injuries based on Defendants' alleged conduct:

> Plaintiff and all putative Class members have . . . suffered actual damages in addition to statutory damages, as the telephone calls took up space on putative Class members' devices, tied up Class members' telephone lines, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

(Compl. ¶ 35, ECF No. 1). The Court finds that these purported injuries provide an adequate injury in fact for standing purposes. As the Third Circuit has noted, the injury in fact standard is "very generous." *Bowman v. Wilson,* 672 F.2d 1145, 1151 (3d Cir. 1982). "The standard is met as long as the party alleges a specific, identifiable trifle of injury, or a personal stake in the outcome of the litigation." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (citations removed); *see also Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 61 (1976) (Brennan, J., concurring in the judgment) (noting that "significant" injury need not be alleged); *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 690 (1973) (same). Because Plaintiff pleads the existence of concrete injuries, however small, the complaint will not be dismissed on this basis.

5

Defendants also argue that the Court lacks jurisdiction because Plaintiff's interests do not fall within the zone of interests protected by the TCPA. The zone of interests test asks whether a particular class of persons has a right to sue under a particular statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014). "The test denies a right of review if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Chem Serv., Inc. v. Envtl. Monitoring Sys. Lab.-Cincinnati of U.S. E.P.A.*, 12 F.3d 1256, 1262 (3d Cir. 1993) (citation omitted). As the U.S. Supreme Court has found, Congress enacted the TCPA to protect consumers from "the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (internal quotations omitted); *see also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) ("Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls.").

As a consumer complaining of receiving intrusive telemarketing calls, (*see* Compl. ¶ 35), Plaintiff falls directly within the zone of interests protected by the TCPA. Defendants nonetheless argue that Plaintiff should not receive the protection of the statute because he voluntarily provided his cell phone number to Defendants with the express purpose of filing lawsuits under the TCPA. (Defs.' Br. 14, ECF No. 31). Defendants cite to *Stoops v. Wells Fargo Bank, N.A.*, No. 15-83, 2016 WL 3566266 (W.D. Pa. June 24, 2016) as an example of a similar case where the Western District of Pennsylvania found that a plaintiff's interests did not fall within the zone of interests protected by the TCPA. However, *Stoops* is distinguishable from this case on the grounds that the plaintiff in that case acknowledged that she only purchased cell phones in order to file TCPA lawsuits. *See Stoops*, 2016 WL 3566266, at *11. Therefore, her

privacy interest was not invaded by receiving calls from telemarketers on those phones. *Id.*

Defendants have elicited no such acknowledgement from the plaintiff here, and therefore, cannot

show the calls were not "intrusive and unwanted." Their only evidence of Plaintiff's motivations

for providing his cell phone number is that he has allegedly been associated with a large number

of phone numbers and email addresses. (*See* Defs.' Br. 14, ECF No. 31).[2] Speculation on the

basis of such limited, uncorroborated facts does not provide sufficient evidence to refute

Plaintiff's showing that he falls within the TCPA's zone of interests. Therefore, Defendants'

motion to dismiss will not be granted on this basis.

Because Defendants did not prevail on either legal theory supporting their motion to

dismiss, their motion will be denied.

### 2. *Motion for Partial Summary Judgment*

Plaintiff moves for partial summary judgment on the question of whether Defendants

acquired appropriate consent under the TCPA. The TCPA prohibits the use of an automatic

telephone dialing system or a prerecorded voice to place calls to a cellular phone number without

the called party's prior express consent. 47 U.S.C. § 227. Under FCC regulations, telemarketing

calls require prior express written consent. 47 C.F.R. § 64.1200(a)(2). "Prior, express written

consent" means

> An agreement, in writing, bearing the signature of the person called that clearly
> authorizes the seller to deliver or cause to be delivered to the person called
> advertisements or telemarketing messages using an automatic telephone dialing
> system or an artificial or prerecorded voice, and the telephone number to which the
> signatory authorizes such advertisements or telemarketing messages to be
> delivered.

---

[2] Plaintiff contests the accuracy of Defendants' report connecting him with certain phone
numbers and email addresses. (Pl.'s Reply Br. 20, ECF No. 34).

47 C.F.R. § 64.1200(f)(8). Plaintiff asserts that the written consent Defendants obtained was not adequate as a matter of law because it did not specify that Plaintiff would be contacted by an automatic telephone dialing system.

Although the language of Rule 56 permits a party to move for summary judgment on all or part of a claim, "the validity of a motion seeking judgment of some non-liability element of a claim that would not resolve at least one entire claim is questionable in federal courts." *Avaya, Inc. v. Telecom Labs, Inc.*, No. 06-2490, 2009 WL 2928929, at *2 (D.N.J. Sept. 9, 2009) (citing 11-56 Moore's Federal Practice—Civil ¶ 56.40); *see also In re G-I Holdings Inc.*, No. 01-30135, 2007 WL 1412294, at *4 (D.N.J. May 14, 2007) (denying partial summary judgment because "[g]iven that the present motion asks not for a ruling disposing of any claim or cause of action, but instead for an adjudication of an issue that is only a small subset of the ultimate question to be decided in this adversary proceeding, it simply doesn't appear that resolution of the present motion would materially advance the litigation in any way"); *New Jersey Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 396 (D.N.J. 1998).

Plaintiff moves for partial summary judgment on a non-liability element of its TCPA claim, namely the issue of whether Defendants received prior, express written consent as defined by the statute. However, resolution of this issue would not resolve an entire claim. Because the issue of whether Defendants acquired appropriate consent is so interlocked with the other elements of the case, the issue cannot be resolved alone. Therefore, the Court finds that partial summary judgment is inappropriate as to this issue. Consequently, partial summary judgment will be denied.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss will be denied, and Plaintiff's motion for partial summary judgment will also be denied.  A corresponding order follows.

ANNE E. THOMPSON, U.S.D.J.

**Date:**  9/12/16

9